UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 07-11493-DHW |
| | Chapter 13 |
| CLAUDELHIA G. MYERS, | |
| Debtor. | |

_____

| | |
|---|---|
| CLAUDELHIA G. MYERS, | |
| Plaintiff, | |
| v. | Adv. Proc. 08-01061-DHW |
| MIRACLE FINANCE, INC., | |
| Defendant. | |

**MEMORANDUM OPINION**

The plaintiff filed a motion for partial summary judgment (Doc. #14) on the issue of whether the defendant willfully violated the automatic stay by failing to stay a process of garnishment. The defendant filed a cross motion for summary judgment (Doc. #17).

The motions came on for hearing on March 4, 2009. Upon consideration of the undisputed facts, the law, and arguments of counsel for both parties, the court concludes that plaintiff is entitled to partial summary judgment on the issue of willful violation of the automatic stay. The defendant's cross motion for summary judgment will be denied.

**Jurisdiction**

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring jurisdiction in title 11 matters to the bankruptcy court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because

the issue here is one of an alleged violation of the automatic stay, this is a core proceeding pursuant to 28 U.S.C. § 157(b), thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts

On or about June 11, 2007, the defendant, Miracle Finance, Inc. ("Miracle"), filed suit against Claudelhia Myers in the Small Claims Court of Coffee County, Alabama. In that action, Miracle obtained a $390.70 judgment against Ms. Myers on or about June 25, 2007. Pursuant to that judgment, on August 29, 2007, Miracle filed a process of garnishment in the Small Claims Court of Coffee County.

On October 24, 2007, Ms. Myers filed in this court a voluntary petition for relief under chapter 13 and listed Miracle as a general unsecured creditor. On or about October 27, 2007, Miracle was given notice of Ms. Myer's bankruptcy case. On or about November 21, 2007, Miracle filed a proof of claim in Ms. Myers' chapter 13 case.

On or about December 7, December 11, and December 21, 2007, funds garnished from Ms. Myers wages were forwarded to Miracle by the Clerk of the Small Claims Court of Coffee County. Miracle, through its attorney, returned $383.63, representing the garnished funds, to the debtor on or about August 26, 2008.

## Conclusions of Law

At issue here is whether a judgment creditor must affirmatively act to stay a prepetition garnishment upon receiving notice of the debtor's bankruptcy filing to avoid a willful violation of the automatic stay.

First, summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Asbestos Settlement Trust v. City of New York (In re Celotex Corp.)*, 487 F.3d 1320, 1328 (11th Cir. 2007); Fed. R. Civ. P. 56(c) made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. The undisputed facts in the instant case lead to the legal conclusion that Miracle willfully

2

violated the automatic stay.

"The automatic stay is among the most basic of debtor protections under bankruptcy law." *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 975 (1st Cir. 1997). The automatic stay plays a vital role in bankruptcy. "Congress considered the automatic stay provision one of the most important in the Bankruptcy Code." *British Aviation Ins. Co. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 268 (11th Cir. 1989). "It is designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992).

Upon the filing of a voluntary petition for relief in bankruptcy, a stay automatically arises without the necessity of judicial intervention. *See* 11 U.S.C. § 362(a). Specifically, the statute provides that the filing of a petition in bankruptcy operates as a stay of:

> (1) the commencement or *continuation*, including the issuance of employment of process, of a *judicial*, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1)(emphasis added). The statute makes clear that the "continuation" of a judicial process, such as a garnishment, to collect a debt that arose before bankruptcy is stayed by the bankruptcy filing. *See Elder v. City of Thomasville*, 12 B.R. 491 (Bankr. M.D. Ga. 1981); *Dennis v. Pentagon Federal Credit Uniton*, 17 B.R. 558 (Bankr. M.D. Ga. 1982). Without this protection, a debtor, particularly one in a chapter 13 case who is obligated to commence plan payments within a short time, could be thwarted by the garnishment in efforts to perform under the chapter 13 plan.

A Florida bankruptcy court held that a creditor has a duty to take affirmative action to stop its garnishment once it learns of the debtor's bankruptcy. *In re Mims*, 209 B.R. 746, (Bankr. M.D. Fla. 1997). The court held that

3

> The proper and required affirmative action is dismissal of the garnishment by the party seeking the garnishment. A creditor pursuing a garnishment simply cannot sit back and wait for the debtor to act because the effect is to continue to deprive the debtor of property in possession of the garnishee or the state court in violation of the automatic stay.

*Id.* at 748. Another court held that "[n]o action" by the creditor "is unacceptable; no action is action to thwart the effectiveness of the automatic stay." *Elder,* 12 B.R. at 494.

Indeed, Judge Sawyer of this court has addressed the interplay between garnishments and the automatic stay. He wrote,

> In a garnishment proceeding, no amounts should be seized or withheld from the Debtor's wages after the filing of a bankruptcy petition. It is clear beyond all doubt that garnishing creditors are required to take all necessary action to release their garnishments in order to implement the automatic stay, upon receiving notice of a bankruptcy filing. This is true even if the garnishment process became effective prior to the date of the bankruptcy filing and did not, at the time it first became effective, violate the automatic stay. Indeed, the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay.

*In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001)(Sawyer, J.) (citing *In re Johnson*, 253 B.R. 857, 861 (Bankr.S.D. Ohio 2000).

In brief, Miracle calls into question this court's holding in *Briskey* based upon its reliance on *Mims,* which itself was subsequently distinguished by another Florida bankruptcy court in *In re Giles*, 271 B.R. 903 (Bankr. M.D. Fla. 2002). In *Giles,* a judgment creditor had garnished two bank accounts of the debtor prepetition. The debtor moved for sanctions against the judgment creditor contending that the creditor willfully violated the automatic stay by refusing, postpetition, to release the funds in the garnished account. Judge

4

Williamson held that under Florida law, service of a writ of garnishment creates a lien upon the property of the debtor as of the time of service. Analogizing the holding in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S. Ct. 286, 133 L. Ed. 2d 258 (1995), which concerned a bank's administrative hold on the debtor's account pursuant to its setoff rights, the court held that a garnishment, like a setoff right, creates a lien on the debtor's property. The court concluded that to release the garnishment "would give the Debtor the right to use of the funds to the detriment of [the creditor's] garnishment lien rights. *Giles*, 271 B.R. at 906.

In this writer's view, however, the holdings in *Briskey* and *Giles* are not at odds. *Briskey* does not require a garnishing creditor to release its lien on the funds in the hands of the garnishee or the court through which the garnishment runs. Instead, *Briskey* requires the judgment creditor to take affirmative action to stop the proceedings; that is, to cease further, post petition wage deductions pursuant to the garnishment and to stop the further distribution of the garnished funds. Nothing in the *Briskey* holding requires the judgment creditor to loose its lien on those funds garnished prepetition, which remain in the hands of the garnishee or the court through which the garnishment ran.[1] In other words, dismissal of the garnishment is not the creditor's only alternative for complying with the automatic stay. The creditor can satisfy its duty either by dismissing the garnishment or by staying it. *See Buchanan v. First Family Fin'l Servs. (In re Buchanan*, 273 B.R. 749 (Bankr. M.D. Ga. 2002). Nevertheless, the judgment creditor, with notice of the bankruptcy, must take affirmative action with respect to the garnishment and not simply allow it to run its course.

In the case *sub judice*, Miracle took no affirmative action to dismiss or stay its garnishment of the debtor's wages once it learned of her bankruptcy filing. As a result, Miracle willfully violated the automatic stay through its continuation of judicial process resulting in the collection of a prepetition debt.

## Conclusion

Having found that Miracle willfully violated the automatic stay of 11

---

[1] The court notes that the debtor may avoid the judicial lien pursuant to 11 U.S.C. § 522(f) only to the extent that the lien impairs exempt property.

5

U.S.C. § 362, the plaintiff is entitled to partial summary judgment on that issue. The issue of damages, if any, to which the plaintiff is entitled remains an issue which is the subject of factual dispute. Pursuant to Fed. R. Bankr. P. 9021, a separate order will enter granting plaintiff's motion for partial summary judgment and setting an evidentiary hearing on the issue of damages.

Done this the 6th day of March, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Plaintiff's Attorney
   Walter A. Blakeney, Plaintiff's Attorney
   Derek E. Yarbrough, Defendant's Attorney